## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                 **Case No. 03-20051-08-JWL**

**Noe Espino,**

       **Defendant.**

## MEMORANDUM & ORDER

In May 2004, a jury convicted defendant of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. The court imposed a sentence of life imprisonment. Thereafter, defendant challenged his conviction and sentence on appeal and the Tenth Circuit affirmed both the jury's verdict and the sentence imposed by the court. This matter is presently before the court on defendant's motion seeking copies of certain materials relating to defendant's forthcoming § 2255 petition. Specifically, defendant seeks complete transcripts of the trial, the sentencing hearing and all motion hearings; copies of the written questions submitted by the jury during deliberations; a copy of the jury's verdict; and a copy of his presentence report. In his reply brief, defendant also seeks a "complete copy of the discovery" in the case. The United States opposes the motion.

The court begins with defendant's request for various transcripts. Significantly, defendant requests that these transcripts be provided to him without payment of the applicable

fees in light of his indigent status. Defendant, however, is entitled to free copies of court transcripts only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See* 28 U.S.C. § 753(f); *Negron v. Adams*, 2000 WL 1152554, at *3 (10th Cir. Aug. 15, 2000) (defendant does not have a constitutional right to a free transcript to search for error when he has not demonstrated that his claim is not frivolous). In his papers, defendant asserts only that he wishes to pursue claims of ineffective assistance of counsel. The Tenth Circuit has expressly held, however, that "[c]onclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). Because defendant has not provided any factual allegations to support his assertion that he was denied effective assistance of counsel, *Sistrunk* requires that this court deny his request for free transcripts.[1]

While defendant's request for various documents is not expressly governed by § 753(f),

---

[1]The United States suggests that a court may make the requisite "non-frivolous" finding under § 753(f) only after a defendant has actually filed a habeas petition. While some courts have held that the filing of a habeas petition is a necessary prerequisite for compliance with § 753(f), the Circuit in *Sistrunk* expressly declined to decide whether to adopt that interpretation of § 753(f). 992 F.2d at 259. Instead, the Circuit assumed, without deciding, that a defendant may properly satisfy the requirements of § 753(f) in a pre-petition motion requesting a copy of a free transcript. *See id.* Nonetheless, the defendant's pre-petition motion in *Sistrunk* failed to satisfy § 753(f) because it contained only conclusory allegations of ineffective assistance. *See id.* Similarly, the court here is not denying defendant's request based on his failure to file in the first instance a habeas petition; it is denying the request because defendant's pre-petition motion contains only conclusory allegations of ineffective assistance and defendant has not made the particularized showing required by § 753(f).

the Tenth Circuit has affirmed the denial of requests for documents for failure to meet the standard set forth in § 753(f). *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (no automatic right to documents if seeking postconviction collateral relief; must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying *Sistrunk* to request for documents and requiring particularized showing). Thus, defendant's request for various documents fails for the same reason his request for transcripts fails–defendant has not demonstrated a nonfrivolous claim and, instead, has made only conclusory allegations of ineffective assistance. Moreover, a habeas petition must be filed to trigger the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost. *See* 28 U.S.C. § 2250; *Lewis*, 1994 WL 563442, at *1. Here, defendant requests documents in mere contemplation of a § 2255 petition and his request is therefore denied on that basis as well.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Espino's motion for copies of transcripts, pleadings and presentence report (doc. 472) is denied.

**IT IS SO ORDERED** this 14th day of May, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3