# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

vs.                                                           Case No. 03-20051-08-JWL

**Noe Espino Jr.,**

      **Defendant.**

## MEMORANDUM AND ORDER

### Background

Defendant was convicted by a jury in May of 2004 of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. Defendant was sentenced by this court to life imprisonment. (Doc. 326) Thereafter, defendant challenged his conviction and sentence on appeal and the Tenth Circuit, on November 29, 2006, affirmed both the jury conviction and the sentence imposed by the court. (Doc. 470). This court previously denied defendant's motion for copies of transcripts, pleadings and presentence report. (Doc. 477). This matter, filed on November, 29, 2007, is presently before the court now on a motion for extension of time to file a § 2255 motion. (Doc. 479).

### Discussion

Defendant asserts that because he has not received the documents he previously requested, which the court denied in an order entered on May 14, 2007(Doc. 47), he is unable to file a § 2255 motion. Defendant requests that the court grant him an extension of time to file his § 2255 motion in order to obtain these previously denied documents. As the court previously explained to defendant in its order on May 15, 2007, defendant can only obtain free copies of the requested documents if the court certifies that his

claims are not frivolous, which the court did not do.  Because defendant failed to provide any factual allegations to support his assertion that he was denied effective assistance of counsel and his allegations were conclusory, the court denied his request for free transcripts.  The government responds to defendant's motion for extension of time claiming that the court lacks jurisdiction to consider a request for an extension of time to file a § 2255 motion.[1]  The government also argues in the alternative that the motion should not be recharacterized as a § 2255 motion, and that equitable tolling should not be granted in this case.

I. Timeliness

Defendant was convicted and sentenced in this court in May of 2004.  His conviction and sentence were affirmed by the Tenth Circuit Court of Appeals on November 29, 2006.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), defendant has one year from the time his conviction became final in which to file a motion to vacate, set aside or correct his sentence. *See* 28 U.S.C. § 2255.  Because defendant did not file a petition for certiorari review with the United States Supreme Court after his direct appeal, his conviction became final on February 27, 2007 when the ninety day period for filing a certiorari petition expired. *See United States v. Burch*, 202 F.3d 1274, 1276, 1279 (10th Cir. 2000) (stating that if a prisoner does not file a  petition for a writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing for certiorari expires).  Pursuant to § 2255, defendant's motion for extension is timely, as his

---

[1] The government's argument can best be understood as claiming that the court does not have the authority to hear this motion because it is not ripe, and thus is not a case or controversy.

conviction did not become final until February 27, 2007 and his motion for extension of time was filed on November 29, 2007, clearly within the one year period.

II. Jurisdiction and Ripeness

The first question is whether this court has jurisdiction to consider defendant's request for an extension. It is well established in the Tenth Circuit that the one year period of limitation is not jurisdictional, but instead, is in the nature of a statute of limitations and subject to equitable tolling. *See United States v. Housh*, No. 00-20053-01-JWL, 2002 WL 398733 (D. Kan. Feb. 27, 2002) (unpublished) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

Because the court has jurisdiction to consider a defendant's request for an extension, however, does not mean that the motion is ripe for adjudication. This court previously held that a motion for extension of time to file a § 2255 motion is not ripe until the defendant actually files a § 2255 motion. *See Housh*, 2002 WL 39873, at *1. Subsequent to *Housh*, the Tenth Circuit, in *United States v. Daniels*, affirmed a district court's dismissal of a motion seeking to file a §2255 motion out of time. No. 05-3471, 2006 WL 1892584 (10th Cir. July 11, 2006) (unpublished). The court held that the motion was not ripe because it was not an actual § 2255 motion, and similar to *Housh*, would only become ripe when a § 2255 motion had been filed. While *Daniels* is an unpublished decision, because ripeness implicates Article III Section 2 of the United States Constitution, and its reasoning is sound, the court feels constrained to follow *Daniels*. The authority of federal district courts extends only to cases or controversies which Congress has empowered them to hear. To begin with, there is no action or

3

proceeding pending.  Defendant's criminal case has ended and he has not filed a motion pursuant to § 2255, thus there is no civil action either.

Although the motion is not ripe for adjudication because a § 2255 motion has not been filed, the court is not constrained to dismiss this motion.  When a motion for extension of time is filed without a § 2255 already being filed, the courts have discretion between either dismissing the motion or recharacterizing the motion as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383-84 (2003); *see also United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).

III. Recharacterizatoin

"Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion a *pro se* federal prisoner has labeled differently." *Castro*, 540 U.S. at 377.  Several courts in the Tenth Circuit have recharacterized motions for extension of time to file § 2255 motions as actual § 2255 motions. *See Ireland v. United States*, No. 2:04-CR-658-TS, 2008 WL 215560 (D. Utah Jan. 24, 2008) (unpublished) (allowing defendant to withdraw motion, after making defendant aware that the court intended to  recharacterize defendant's motion for extension to file a § 2255 motion as an actual § 2255 motion); *United States v. Van Pelt*, Nos. CIV. A. 99-3137-SAC, CRIM. 92-40042-01-SAC, 2001 WL 401313 (D. Kan. Feb. 2, 2001) (unpublished) (denying defendant's § 2255 after recharacterizing defendant's motion for extension of time as an actual § 2255 motion).

The court intends to treat defendant's motion for extension of time as a motion under 18 U.S.C. § 2255 unless defendant files with the court a notice of his desire not to have it so treated and thus to withdraw the motion no later than March 24, 2008. *See*

4

*Castro,* 540 U.S. at 383-84 (defendants must be made aware of the risk associated with recharacterization as a § 2255 motion and allow the defendant an opportunity to contest the recharacterization, or to withdraw or amend the motion). In the alternative, defendant may also file a motion to amend his motion to set out explicitly his grounds for § 2255 relief no later than that date. The court advises defendant that if he does not so notify the court of his request to amend the motion or withdraw the motion altogether, defendant's motion for extension of time will be construed as a § 2255 motion. *See Kelly*, 235 F.3d at 1242. If defendant does not respond within thirty days, defendant will not have the ability to amend the § 2255 motion, and any and all motions filed thereafter under § 2255 will be construed as successive and can only be filed with permission by the Court of Appeals for the Tenth Circuit. *See United States v. Franklin*, No. 03-10151-01-WEB, 2006 WL 3240842, at *1 (D. Kan. Nov. 7, 2006) (unpublished). If defendant chooses to respond within thirty days and requests to amend the motion under § 2255, he must include all claims that can be brought under 28 U.S.C. § 2255. *Id.*

Finally, it is incumbent upon the court to notify defendant that there is a one year statute of limitations period under § 2255, and that statute of limitations runs on February 28, 2008. Therefore, if defendant either does not respond to this order or chooses to amend his motion to be treated as a § 2255 motion, equitable tolling will not be an issue as a § 2255 motion will have been filed within the period of limitation. The court, however, again feels constrained to notify defendant that if he chooses to withdraw his motion and later file a § 2255 motion, equitable tolling will be a hurdle defendant must overcome if his § 2255 is filed after the period of limitation. As the government points out in its response, equitable tolling is available only in very rare and exceptional

6

circumstances where defendants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond their control.

## Conclusion

Defendant is granted until March 24, 2008 to file a supplemental pleading stating whether he wants the court to treat the motion for extension of time as a § 2255 motion. If defendant elects to have his motion considered under § 2255, he shall request to amend the motion and shall state whatever grounds he claims for arguing that his sentence was either imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.

IT IS SO ORDERED.

Signed this 22nd day of February 2008.

                                                  s/ John W. Lungstrum\
                                                  JUDGE JOHN W. LUNGSTRUM\
                                                  UNITED STATES DISTRICT JUDGE