# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                         Case No. 03-20051-JWL
                                     08-2107-JWL

NOE ESPINO,

      Defendant.
_____

## MEMORANDUM & ORDER

In May 2004, a jury convicted Defendant Noe Espino of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. The court imposed a sentence of life imprisonment. Thereafter, Mr. Espino challenged his conviction and sentence on appeal, and the Tenth Circuit affirmed both the jury's verdict and the sentence imposed by the court.

Mr. Espino filed a Motion Requesting Copies of Transcripts, Pleadings, and Presentence Report on March 6, 2007. (doc. 472) The court denied the motion in a Memorandum and Order dated May 14, 2007 because Mr. Espino did not show that his claim was not frivolous under 28 U.S.C. § 753(f). (doc. 477)

Mr. Espino then filed a Motion for Extension of Time to File a § 2255 Motion (doc. 479) on November 29, 2007. In a Memorandum and Order (doc. 489) dated February 22, 2008, the court stated the defendant's motion for extension of time was

1

timely when filed on November 29, 2007, as his conviction did not become final until February 27, 2007.  This court explained that it intended to treat defendant's motion for extension of time as a motion under 28 U.S.C. § 2255 unless the defendant responded by March 24, 2008, indicating his desire to withdraw the motion.  The court also advised the defendant that he could file a motion to amend his § 2255 motion (motion for extension of time) by that same date to preserve the tolling of the statute of limitations.

On February 29, 2008, the court received Mr. Espino's Motion to Vacate under 28 U.S.C. § 2255 (doc. 497), which is presently before the court.  The defendant then filed a reply to his motion for extension of time (doc. 496) on March 5, 2008, advising the court that he has already filed his § 2255 motion before he received the February 22, 2008 Memorandum and Order, and that the court could disregard his motion for extension of time.  Mr. Espino's motion for an extension of time, therefore, is moot. (doc. 479).  For the reasons set forth below, Mr. Espino's Motion to Vacate under 28 U.S.C. § 2255 (doc. 497) is denied.

## FACTUAL BACKGROUND

The court adopts the facts of this case, as related to Mr. Espino, from Mr. Espino's direct appeal.  The Tenth Circuit discussed the evidence in the context of Mr. Espino's sufficiency of the evidence argument.

> The prosecution's theory . . . was that Espino served the conspiracy by buying and selling drugs, and enforcing discipline on its behalf.
> At trial, the prosecution presented the testimony of Carl Rieger, a principal deputy of Portillo-Quezada's [a co-defendant] who assisted the conspiracy by renting properties for drug distribution, handling money generated by sales, and buying and selling drugs. Rieger was, in short,

intimately involved in the conspiracy. He testified that Espino was both known to purchase large quantities of drugs on a repeated basis and known as a "regular distributor" for the Portillo-Quezada methamphetamine ring. He participated, along with Portillo-Quezada, in drug transactions where Espino was present. Espino was a frequent visitor to the rental house where the conspiracy distributed drugs. He observed Espino brandishing weapons during drug transactions.

Another co-conspirator, Patrick Loffredo, testified that he first met Espino when he and another co-conspirator picked up methamphetamine from Espino. Tommy Davidson, another co-conspirator, testified at trial that Espino was sometimes present in a Portillo-Quezada property during drug transactions. Davidson told the jury that Espino would watch the transactions while holding weapons, and that he interpreted this behavior as intended to intimidate drug buyers.

More directly, the jury heard evidence that Espino confessed to his participation in the murder of Bruce Andrews. Police suspected Andrews had been killed by the Portillo-Quezada drug ring because he had stolen drugs from the conspiracy and revealed the identity of Portillo-Quezada's brother to police. Espino voluntarily confessed to his role in the crime after surrendering to police several days after the police had raided a drug "storefront" and arrested Portillo-Quezada and Waterbury. In his confession, he told police he helped lure Andrews to the scene of the murder, watched as Portillo-Quezada killed him with an assault weapon, helped clean the car and took it to a different location where it was burned. Andrews's body was left at the scene of the murder to be found. Prosecutors contended at trial that the murder furthered the objectives of the conspiracy and was designed to intimidate others who may have wished to steal drugs or cooperate with police.

Espino's role in the murder was corroborated by other witnesses, including Rieger. He testified Portillo-Quezada told him that Espino was paid in $4000 in [*sic*] cash and stolen car parts for his role in the murder. Portillo-Quezada's role as the triggerman was confirmed by the testimony of other witnesses.

. . . Evidence was presented that Espino was known to distribute methamphetamine for Portillo-Quezada, that his role in the conspiracy was understood to be that of an enforcer, and that he pursued this role to the point of furthering the conspiracy's interest through murder.

*United States v. Espino*, 206 Fed. Appx. 799, 802-03, 2006 WL 3423441 (10th Cir. Nov. 29, 2006) (unpublished opinion).

**STANDARD**

Chapter 28, United States Code, section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240, n.1 (10th Cir.1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, 105 F.3d 670, 1997 WL 8842, *3 (10th Cir. 1997) (table opinion) ("[D]efendant's conclusory allegations ... which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**ANALYSIS**

Mr. Espino alleges twenty grounds for relief in his section 2255 motion. The court discusses each ground, and those that are similar are discussed collectively. Grounds One, Thirteen, and Fourteen were already considered and rejected by the Tenth Circuit on Mr. Espino's direct appeal. Several of the other claims were not raised on direct appeal.

When a claim should have been raised on direct appeal but was not and a defendant brings the issue before the court in a section 2255 motion, the defendant must prove cause for not bringing the claim and resulting prejudice, or demonstrate that a fundamental miscarriage of justice would result.  *United States v. Shine*, No. 98-7096, 173 F.3d 865, 1999 WL 157433 *2 (10th Cir. Mar. 23, 1999) (table opinion) (citing *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982))).   Mr. Espino writes "ineffective assistance of counsel" throughout his motion, a basis which can satisfy the cause standard.  *United States v. Vargas*, 316 F.3d 1163, 1165 (10th Cir. 2003) ("[W]e have held that the procedural bar rule of *United States v. Frady* does not apply to ineffective assistance of counsel claims.").   However, an attorney is not ineffective for failing to raise an issue or bring a claim on appeal that has no merit.  *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.").  The court evaluates these claims and concludes either that Mr. Espino's claims are conclusory and do not warrant section 2255 relief or that his claims have no merit.  Consequently, his attorneys did not provide ineffective assistance of counsel as to these issues, no fundamental miscarriage of justice would result, and Mr. Espino is not entitled to relief.

I.      **Grounds One, Thirteen, and Fourteen – Murder as Part of Drug Conspiracy**

Mr. Espino's Ground One argument appears to relate to the evidence that the government used to show that Mr. Espino was an "enforcer" in the drug conspiracy and that he participated in the murder of Mr. Bruce Andrews, an act that was also part of the drug conspiracy and was the basis for Mr. Espino's sentence enhancement.  He mentions that the government "struck out" (likely meaning the government did not include, based on the rest of his argument) words like "enforce" and "murder" in the indictment when the case was presented to the grand jury and that the grand jury did not know about the murder.  He further explains that the government offered evidence on a charge not contained in the indictment (murder), and he was prosecuted for murder[1] without ever being indicted by a grand jury.  In his reply to the government's response, he further states under Ground One that his argument is that anything that will increase a defendant's sentence (presumably referencing the murder enhancement) should have been submitted to a grand jury.

Essentially, Mr. Espino argues in Ground One that he was not charged with murder and that he was not found guilty of the murder by a jury, so the court should not have considered the murder when sentencing him.  This argument was already rejected

---

[1] Mr. Espino's argument that he was prosecuted for murder is contradicted by the record.  As he states, a charge for murder was not included in the indictment.  That charge was never submitted to the jury, nor did a jury convict him of such a charge.  There is no error merely because the government did not charge or prosecute him for murder.  This also is consistent with the court's discussion and denial of Mr. Espino's Ground Fourteen, in which Mr. Espino alleges that he was falsely accused of murder.

on his direct appeal.  Tenth Circuit stated: "Espino argues his sentence violates the Sixth Amendment because the enhancement was based upon his participation in a murder (1) for which he was never charged, and (2) that was never proven to a jury beyond a reasonable doubt."  *United States v. Espino*, 206 Fed. Appx. 799, 804, 2006 WL 3423441 (10th Cir. Nov. 29, 2006) (unpublished opinion).  The court then concluded that it disagreed with Mr. Espino's argument that this conflicted with *United States v. Booker,* 543 U.S. 220 (2005) because the Guidelines were applied in an advisory fashion, and "Espino has no right to a jury determination of the facts the trial judge deems relevant in arriving at his sentence, so long as that sentence is reasonable."  *Id.*  "Since Espino's sentence was within the Guidelines range, it is presumptively reasonable . . . we find his sentence reasonable."  *Id.*

Construing his motion liberally, Mr. Espino may be making a challenge based on the *Apprendi* holding, but it also is without merit.  The United States Supreme Court held in that case that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added).  Mr. Espino was charged under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846.  The statutory penalties for 21 U.S.C. § 846 are "the same penalties as those prescribed for the offense."  Here, "the offense" was under § 841(a)(1) and (b)(1)(A)(viii), which provides for the following statutory penalty: "such person shall be sentenced to a term of imprisonment which may not be less than 10 years *or more than life* and if death or serious bodily injury results from the use of such substance shall

be not less than 20 years *or more than life*." 21 U.S.C. § 841(b)(1)(A)(viii) (emphases added).  The statutory maximum, therefore, is life in prison.  Mr. Espino received life in prison for the offense, which does not exceed the statutory maximum.  *Apprendi*, therefore, provides no basis for relief.

Mr. Espino makes similar arguments in Grounds Thirteen and Fourteen as in Ground One, as they all relate to the murder. While difficult to discern the exact argument based on his Motion and Reply, it appears that in Ground Thirteen Mr. Espino argues that he was prejudiced when the jury was allowed to hear evidence of the murder when the charge against him was for a drug conspiracy.  On direct appeal, the Tenth Circuit held that "the district court did not err in admitting the [murder] evidence and refusing to declare a mistrial."  *Espino*, 2006 WL 3423441, *4.  In Ground Fourteen, he argues that his sentence is illegal because he was falsely accused of murder.  Presumably, this relates to the sentence enhancement based on the murder of Mr. Andrews.  As set forth above under the discussion of Ground One, the Tenth Circuit already concluded that the sentence, including the murder enhancement, was reasonable. *Id.*

On Mr. Espino's direct appeal, the Tenth Circuit already considered and affirmed this court's resolution of these issues. *Id.* at *3-4.  This court declines to consider these arguments that Mr. Espino raised in Grounds One, Thirteen, and Fourteen that were already denied on his direct appeal because Mr. Espino has not alleged any intervening change in the law. *United States v. Esch*, No. 94-1559, 36 F.3d 1106, 1994 WL 507457 (10th Cir. 1994) (table opinion) ("Absent intervening change in the law, a district court will not generally consider in a 2255 collateral attack issues which were considered and

decided on direct appeal.") (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("[W]e have previously considered and disposed of these issues on direct appeal. Therefore, Defendant may not raise these issues under § 2255.")).  This court also finds these arguments to be without merit for the reasons set forth herein and also for the reasons set forth by the Tenth Circuit in Mr. Espino's direct appeal.  *Espino*, 2006 WL 3423441, *3-4.

## II.       Grounds Two and Seven – Ineffective Assistance of Trial Counsel

Under Ground Two, Mr. Espino argues that he received ineffective assistance of counsel at the Motion to Suppress hearing.  He alleges that his lawyer did not put on a defense for him or question or cross-examine witnesses.  Similarly, in Ground Seven Mr. Espino argues his counsel was ineffective when he "refused any effective defense on [Mr. Espino's] behalf at trial." (doc. 497, at 16)   Again, Mr. Espino also claims that his attorney did not cross-examine witnesses.

First, Mr. Espino's factual allegations that his lawyer did not make arguments on his behalf and that he did not cross-examine witnesses are untrue and contradicted by the record. Mr. Dunn filed a Motion to Suppress Statements on Mr. Espino's behalf on September 12, 2003, making several arguments that Mr. Espino's statements were not voluntary and should be suppressed. (doc. 73)   The transcript of the hearing on the motion to suppress shows that Mr. Dunn, Mr. Espino's lawyer, cross-examined Captain John Cosgrove, the law enforcement officer who took Mr. Espino's statement that was the subject of the motion to suppress.  Mr. Dunn also cross-examined witnesses, such as

Mr. Stanley, Mr. Langan, and Mr. Cosgrove, among others, at the trial and set forth a defense on Mr. Espino's behalf.

Second, a decision to limit cross-examinations or not cross-examine certain witnesses does not mean that counsel was ineffective, as it often is a matter of trial strategy. *See, e.g.*, *Cannon v. Mullin*, 383 F.3d 1152 (10th Cir. 2004) (explaining that the failure to cross-examine witness as to certain inconsistencies was a matter of trial strategy and that the petitioner had "not shown that defense counsel's strategy with respect to cross-examining Ms. Elliot was so unreasonable as to constitute ineffective assistance of counsel"). At the hearing on the motion to suppress, for example, two witnesses other than Mr. Cosgrove testified for the Government. These witnesses were Christopher McAlister and Chris Johnson, officers with the Kansas City, Kansas Police Department. They testified regarding the search warrant of a residence related to the investigation. The motion to suppress filed on Mr. Espino's behalf did not relate to that search, as it sought only to suppress his statements to Mr. Cosgrove. Mr. Waterbury was Mr. Espino's co-defendant and had filed a motion to suppress related to the search of that residence that was at issue at the same hearing. Given this circumstance, it is likely that Mr. Espino's counsel did not cross-examine these two witnesses because they were unrelated to Mr. Espino's motion to suppress his statements, and Mr. Dunn, Mr. Espino's trial counsel, adequately decided that it was unnecessary for Mr. Espino's defense. Consequently, the fact that Mr. Espino's counsel did not cross-examine these two witnesses does not show that his counsel acted unreasonably so as to form a basis for an ineffective assistance of counsel claim. *See generally United States v. Larsen*, No. 05-

4203, 175 Fed. Appx. 236, 2006 WL 895491, *3 (10th Cir. Apr. 7, 2006) (unpublished opinon) ("As to his claim that his counsel failed to cross-examine certain government witnesses, Mr. Larsen does not contend that these individuals were even witnesses against him (Mr. Larsen was tried along with a co-defendant, Pauline Blake) nor does he suggest that if they had been cross-examined they would have had anything of value to offer in Mr. Larsen's defense.").

Last, Mr. Espino brings these claims under ineffective assistance of counsel, but does not state how such alleged actions prejudiced his defense or altered the outcome of his case. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Also in Ground Seven, Mr. Espino states that Mr. Dunn withdrew from the case, so "his service was depending on how much money he got."  (doc. 497, at 16)  Mr. Espino retained his counsel, so his attorney was working for fees or "money" from Mr. Espino.  The record shows that Mr. Dunn made an oral motion to withdraw after Mr. Espino was sentenced.  (doc. 332)  The court granted the motion subject to him filing Mr. Espino's notice of appeal, which he did on March 1, 2005. (doc. 327)  The court finds nothing about his status as retained counsel or his motion to withdraw after Mr. Espino's sentence that forms a basis for an ineffective assistance of counsel claim.  Mr. Espino was represented on appeal even though his retained counsel withdrew.  Mr. Espino has not set forth any factual allegations as to how his counsel acted unreasonably or that he

was prejudiced by these alleged actions or decisions; Mr. Espino's ineffective assistance of counsel claim on this basis fails.

### III.   Grounds Three and Sixteen – Lay Witness Testimony

   A. *Allegations of false testimony*

   In Ground Three, Mr. Espino argues that Mr. Tommy Davidson's testimony was inconsistent with other witnesses and that he committed perjury.   The fact that his testimony is inconsistent with other witnesses is not grounds to vacate or correct a sentence.   Often, witnesses have different views or perceptions of the events or different memories of how events occurred.  This does not mean that a witness was lying.  In fact, it is the jury's role to make credibility determinations, evaluate inconsistencies, and reach a verdict on what it believes the facts of the case to be based on all the evidence.  *See generally United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005) ("It is not the role of an appellate court to consider the credibility of the witnesses or weigh the conflicting evidence, as these matters are within the exclusive province *of the jury*." (Emphasis added)).

   He also claims that Federal Rule of Evidence 608, related to the evidence of character and conduct of a witness, and Rule 609, related to impeachment by evidence of conviction of a crime, provide a basis for relief.  Mr. Espino misunderstands these rules, which govern what evidence may be admitted into trial and for what purpose.   For example, he claims that under Rule 609(c) "Mr. Davidson testimony shall be impeached and the conviction must be annulled."   (doc. 497, at 14)  Rule 609(c), however, provides

no grounds for annulment of Mr. Espino's conviction. Rather, the rule states that a witness's prior conviction cannot be admitted for impeachment purposes if that conviction has been annulled based on a finding of rehabilitation. In no way does the rule relate to the propriety of Mr. Espino's conviction. The rules provide no independent basis for relief for Mr. Espino in his section 2255 motion.

Mr. Espino's only potential relief for the claim alleged is on the basis that his conviction was obtained based on Mr. Davidson's perjured testimony. "While use of perjured testimony to obtain a conviction may be grounds for vacation of a conviction, the petitioner has the burden of establishing that a) the testimony was false; b) that it was material; and c) that it was knowingly and intentionally used by the government to obtain a conviction." *McBride v. United States*, 446 F.2d 229, 232 (10th Cir. 1971). Mr. Espino makes no allegation and the court finds no basis for the third element, that the government knowingly and intentionally used the testimony in the event that it was false. Also, in light of all the other evidence against Mr. Espino, the testimony was not material to his conviction. Mr. Espino, therefore, has not met the burden to establish this claim of perjury, so he is not entitled to an evidentiary hearing or relief on this basis. *See id.*

Similar to Ground Three, Mr. Espino argues in Ground Sixteen that Mr. Patrick Loffredo testified falsely. He claims that he lied when he said that he no longer used drugs, but was then later indicted on drug charges. Even if it is true that he was later indicted, that does not mean that Mr. Loffredo necessarily was lying on the stand. Also, for the same reasons as set forth in Ground Three, this allegation, even if true, is not a ground to vacate the sentence as it was not material to Mr. Espino's conviction, and Mr.

Espino does not allege that the government knowingly and intentionally used the alleged false testimony to obtain a conviction. *See, e.g.*, *United States v. Neal*, 793 F. Supp. 1573, 1577-78 (W.D. Okla. 1991) ("The Movant has made only bare allegations to support his claim that the witness . . . lied at trial and has completely failed to show that the Government knew or should have known about the alleged perjured testimony or that any alleged perjured testimony was in fact material to the outcome of the case. . . .Even if this statement is taken as true for purposes of this Order, it is simply not material, and would not have affected the outcome of the Movant's trial.").

B. *Witness competency*

The other issue that Mr. Espino raises under Ground Sixteen is that Mr. Loffredo was "intoxicated under the influence of drugs making him incompetent violating F.R.E. 601." (doc. 497, at 21)  It appears that Mr. Espino confuses the competency standard of Rule 601, an issue for the court to decide, with a credibility issue, which is for the jury to decide.  Drug abuse is not an issue of competency, but rather a credibility issue for the jury.  "[W]e recognize[] that the evolution of the law in the area of witness competency has resulted in federal rules that *deem virtually all persons competent* as long as they have personal knowledge of the facts about which they testify. . . . [W]hile the testimony of a drug abuser may be suspect for a number of reasons, drug abuse alone does not render a witness incompetent. . . . [D]rug use goes to credibility not competency." *United States v. Cook*, 949 F.2d 289 (10th Cir. 1991) (citations omitted).  "Habitual use of intoxicants or drug addiction does not by itself make a witness incompetent to testify. Even the fact that a witness testifies while under the influence is not disqualifying;

14

competency is determined by an assessment of minimum credibility." *Barto v. Armstrong World Indus., Inc.*, 923 F.Supp. 1442, 1445 (D. N.M. 1996) (citation and quotations omitted)).  Here, Mr. Loffredo had personal knowledge about which he testified and was not otherwise disqualified under any other Rule, so he was competent under Federal Rules of Evidence 601 and 602.  Mr. Espino, therefore, has not shown any grounds on which his conviction or sentence should be vacated.  Moreover, Mr. Espino did not raise this issue on appeal and he alleges no cause for failing to do so or how he was prejudiced. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (defendant must show cause and prejudice for failing to raise issue on appeal).

IV.   **Ground Four – Testimony about Mr. Espino's Statements to Law Enforcement**

In Ground Four, Mr. Espino alleges that Officer Cosgrove lied about the statements that Mr. Espino made to him.  Mr. Espino made statements recorded on videotape to Mr. Cosgrove during the investigation that preceded this case.  Another co-defendant's name, Carlos Portilla-Quezada, was repeatedly mentioned during those statements.  In order to avoid *Bruton* issues and because Mr. Espino's confession was a statement against his interest, the court allowed Mr. Cosgrove to testify about the statements that Mr. Espino made to him in lieu of playing the video.  Mr. Espino now claims that if that testimony is compared against Mr. Espino's actual statements to the officer, it will show that Captain Cosgrove did not tell the truth.

Mr. Espino points specifically to two alleged lies—that Mr. Espino was paid for helping out with the murder and that Mr. Espino helped moved Mr. Andrew's body from the car.  As to the payment, Mr. Cosgrove was asked the following questions and provided the answers at trial:

> Q:  Did Mr. Espino indicate if he got paid anything for locating Bruce
>      Andrews on the day of his death?
> A:  Yes.
> Q:  What did he indicate he was paid?
> A:  He received a quantity of money and of ice. …

The court reviewed the videotape of Mr. Espino's statement to Mr. Cosgrove, which was admitted into evidence during the Motion to Suppress hearing on April 5, 2004.  In the videotaped statement, Mr. Espino admitted to receiving payment, including ice and money, to find Bruce Andrews and bring him back to Mr. Portilla-Quezada.  Mr. Cosgrove was not asked about whether Mr. Espino was paid specifically for the murder, so Mr. Espino's allegation that Mr. Cosgrove lied about Mr. Espino being paid for helping with the murder is contradicted by the record.  Second, Mr. Espino stated Mr. Cosgrove lied when he stated that Mr. Espino assisted in pulling Mr. Andrews' body from the vehicle.  This statement by Mr. Cosgrove was false.  Mr. Espino actually stated that Mr. Portilla-Quezada told him to help pull Mr. Andrews' body from the car, but that he did not do it; he had stepped away from the car to vomit.

As stated previously, "[w]hile use of perjured testimony to obtain a conviction may be grounds for vacation of a conviction, the petitioner has the burden of establishing that a) the testimony was false; b) that it was material; and c) that it was knowingly and intentionally used by the government to obtain a conviction." *McBride v. United States*,

446 F.2d 229, 232 (10th Cir. 1971).  As to the first allegation about payment, Mr. Espino

cannot prove the first element, that the testimony was false.  As to his second allegation,

this court finds that the first element of falsity is satisfied, but Mr. Espino's claim fails on

the second element of materiality.  Whether Mr. Espino helped pull Mr. Andrews' body

from the car is immaterial to the government obtaining his conviction for conspiring to

distribute narcotics. This is particularly true in light of all the other evidence about his

involvement with the drug conspiracy for which he was found guilty, as set forth in the

Factual Background section, including but not limited to Mr. Espino getting paid to find

and set up Mr. Andrews because of a drug debt Mr. Andrews owed to Mr. Portilla-

Quezada.

Moreover, just as this is immaterial, Mr. Espino also has failed to show prejudice

based on Mr. Cosgrove's false statement.  This claim was not raised on appeal, so Mr.

Espino must show cause and prejudice for failing to do so. *Massaro v. United States*, 538

U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may

not be raised on collateral review unless the petitioner shows cause and prejudice."

(citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982))). Mr. Espino has failed to

show how Mr. Cosgrove's statement prejudiced the outcome of his case.  To the extent

that he alleges ineffective assistance of counsel as a cause for failing to raise it on appeal,

*see United States v. Vargas*, 316 F.3d 1163, 1165 (10th Cir. 2003), he must prove that his

counsel acted unreasonably and that he was prejudiced by his counsel's actions.  *Neill v.*

*Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) ("*Strickland* . . . governs this ineffective-

appellate-assistance inquiry. . . . [the defendant,] therefore, must establish both that

17

counsel's performance was deficient and that his defense was thereby prejudiced."). Mr. Espino cannot prove either element. The perjury claims are without merit, so counsel did not act unreasonably. *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."). Similarly, there is not a reasonable probability that the failure to raise this issue on appeal affected the outcome of Mr. Espino's case. *See Neill*, 278 F.3d at 1057 (the relevant prejudice element inquiry is "whether there is a reasonable probability that, but for his counsel's unreasonable failure to raise these claims, [the defendant] would have prevailed on his appeal." (Quotations and citations omitted.)).

## V.   Ground Five, Nine, Eleven, and Fifteen – Jury Instructions and Trial Transcripts

### A. *Jury Instructions*

In Ground Fifteen, the defendant argues broadly that "by misinstructing the jury prejudiced the outcome of the trial and caused petitioner to be found guilty of crimes he did not commit" and that he "believe[s] the jury instructions was not right in some way." (doc. 497, at 20; doc. 505, at 24)  However, he is "not for sure what actually was wrong with the jury instructions." (doc. 505, at 24)  He claims this is because he does not have the trial transcripts. Essentially, Mr. Espino is hoping something is wrong with the jury instructions, but provides no specific factual allegations to this effect.   Conclusory

allegations, such as this, are insufficient to support a claim for ineffective assistance of counsel or a claim for relief under section 2255.

B. *Counsels' alleged failures to give Mr. Espino Trial Transcripts and Other*

*Documents and Discovery*

In Ground Five he asserts that his trial counsel was ineffective for failing to give him discovery, grand jury statements, and transcripts. In Ground Nine he claims that his counsel refused to give him docket entry files such as motions, transcripts, and depositions.  He makes no showing as to any of these grounds of why these alleged actions are unreasonable or how such actions prejudiced his case. These are merely conslusory allegations that do not provide a reason to vacate or correct his conviction or sentence.

C. *Transcripts and Documents from the Court*

The court previously denied Mr. Espino's request for transcripts because he did not show that his claims were not frivolous.  (doc. 477) Mr. Espino challenges this ruling in Ground Eleven in his section 2255 motion.  This is not a proper basis for section 2255 relief.  Nonetheless, the court has considered whether Mr. Espino has now made such a showing so as to be entitled to free trial transcripts.  The court finds that he is not.  Even though Mr. Espino has provided more details in his section 2255 motion than in his original request for transcripts, the claims are without merit, the transcripts are not needed to decide the issues, and providing transcripts would not alter the outcome of this case.  28 U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 . . . shall be paid by the United States . . . if the trial judge . . . certifies that

the suit . . . is *not frivolous* and that the transcript is *needed* to decide the issue presented by the suit or appeal." (Emphasis added.)); *United States v. Suarez*, No. 03-20085, 2007 WL 2323362, *1 (D. Kan. Aug. 9, 2007) ("[T]he Tenth Circuit has affirmed the denial of *requests for documents* for failure to meet the standard set forth in § 753(f )."); *see also Patel v. Wooten*, 264 Fed. Appx. 755, 2008 WL 376397 (10th Cir. Feb. 12, 2008) ("Two of Mr. Patel's issues on appeal are *clearly without merit* and thus do not present a substantial question for purposes of 28 U.S.C. § 753(f)." (Emphasis added)).

Particularly as to the grounds discussed in this section, Mr. Espino has not made a showing that he is entitled to transcripts. In his Reply based on Grounds Five, Nine, and Eleven, he states that "how am I supposed to find my basis claims for relief, if I am unable to get any trial transcripts[?]" (doc. 505, at 20) In Ground Fifteen, Mr. Espino is hoping to find an error in the jury instructions, but has no recollection on his own of any error therein. A defendant's need for a transcript may well arise to support a defendant's claim, but rarely, if ever, is a transcript needed "to become aware of the events or occurrences which constitute a ground for collateral attack." *United States v. MacCollom*, 426 U.S. 317, 328 (10th Cir. 1976). A defendant is not allowed free transcripts merely to comb through the record looking for errors for which he has no basis to believe any exist. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992) (no right to a free transcript simply to search for error in the record). Mr. Espino has not supported any of these four claims with factual allegations and has not shown that his arguments are not frivolous. He, therefore, is not entitled to receive transcripts or other documents from this court. *See Patel v. Wooten*, 264 Fed. Appx. 755, 758, 2008 WL 376397 (10th Cir.

Feb. 12, 2008) (to qualify for free transcripts, he must show that (1) his claim is not frivolous, (2) that a transcript is needed to resolve the issues, (3) his claim is supported by factual allegations, and (4) he has made a "particularized showing" of eligibility for the free transcripts) (citing 28 U.S.C. 753(f)); *see also MacCollum*, 426 U.S. at 326 (holding that *conclusory* allegations that a defendant was denied effective assistance of counsel do not satisfy the requirements of section 753(f)).[2]


## VI.     Ground Six – Severance

Mr. Espino argues that his counsel was ineffective when he failed to file a motion for severance on his behalf. The court disagrees. "Defendants jointly charged are not entitled to separate trials as a matter of right. . . . The general rule is that persons who are indicted together should be tried together." *United States v. Green*, 115 F.3d 1479, 1487 (10th Cir. 1997) (also noting that severance was not warranted just because a defendant was charged in only two of nine counts); *see also United States v. Ramos*, 839 F.Supp. 781 (D. Kan. 1993) ("[C]ourts generally adhere to the principle that those indicted together, *especially co-conspirators*, should be tried together.") (emphasis added) (quotations and citations omitted). Mr. Espino was tried with coconspirators with whom he was indicted. He has made no showing as to why this general rule would have been overcome if his counsel would have filed a severance motion. He, therefore, has made no showing that his counsel acted unreasonably by not filing that motion. He also has not

---

[2] This issue is particularly relevant to these four grounds for relief discussed in this section, but the following analysis applies equally to his other grounds for relief for which he claims he is entitled to transcripts.

shown that there was a strong showing of prejudice such that if a motion to sever would have been filed, it would have been granted.  *See United States v. Peveto*, 881 F.2d 884, 857 (10th Cir. 1989) ("It is not enough for [a defendant] to show that severance would have increased his chances of acquittal.  He must make a strong showing of prejudice. . . . [T]he conflict between co-defendants must be so intense that there is a danger the jury will unjustifiably infer from the conflict alone that both defendants are guilty." (Citations and quotations omitted.)).   Mr. Espino, therefore, also has not shown that he was prejudiced by counsel's failure to file that motion.

### VII.   Grounds Eight and Ten – Ineffective Assistance of Appellate Counsel

Mr. Espino alleges in Ground Eight that his appellate counsel would not raise some of the issues on direct appeal that he asked her to pursue.  In Ground Ten, he claims that he received ineffective assistance of appellate counsel when she would not seek a rehearing en banc or file a petition for certiorari with the United States Supreme Court after the Tenth Circuit affirmed this court.

The court first rejects these claims because Mr. Espino does not set forth any specific claims that he asked her to raise, and conclusory statements are insufficient to form the basis of an ineffective assistance of counsel claim.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *United States v. Nungaray-Beltran*, No. 4:01CR3034, 2005 WL 1389180 (D. Neb. June 13, 2005) (listing several cases that state that conclusory allegations are subject to dismissal without an evidentiary hearing and concluding: "The defendant's claim that his counsel provided ineffective assistance by

failing to appeal 'any' arguable issue is conclusory and presents no potential claim for relief under 28 U.S.C. § 2255").

He does assert that "[m]ost of these claims are the claims I wanted argue[d]."  This may mean that he wanted his appellate counsel to appeal his claims as set forth in his section 2255 motion.  As set forth in this Memorandum and Order, however, those claims are without merit.  Mr. Espino's appellate counsel was not ineffective for failing to raise meritless arguments either on appeal, in a motion for rehearing,[3] or in a petition for writ of certiorari.  *See United States v. Beuno-Martinez*, 2007 WL 4144908, *1 (D. Kan. Nov. 20, 2007) ("A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief, even when a defendant proceeds pro se." (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)); *United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995) ("When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue.  If the

---

[3] Specifically, as to the motion for rehearing, Mr. Espino cites Federal Rules of Appellate Procedure 35 and 40.  A party may petition for rehearing when "the panel decision conflicts with a decision of the United States Supreme Court . . .and consideration by the full court is therefore necessary to secure and maintain uniformity. . .; or the proceeding involves one or more questions of exceptional importance . . . [such as] if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals. . . ."  Fed. R. App. Pro. 35(b). Moreover, when submitting a petition for panel rehearing the movant "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition."  Fed. R. App. Pro. 40.  As evidenced by counsel's letter in Exhibit E to Mr. Espino's section 2255 motion, Mr. Espino's counsel reviewed the appellate decision and did not believe that she had a good faith basis to challenge that decision in accordance with these rehearing standards.  As noted above, the court agrees with appellate counsel, so she did not act unreasonably in failing to raise the issues.

omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.").

To the extent that Mr. Espino argues a lack of communication with counsel in Ground Eight, this is contradicted by his own statement that his attorney sent him a letter explaining why she was not going to raise some of the issues on appeal.  (doc. 497, at Ex. D)  He also has not shown how a communication issue, if any existed, prejudiced the outcome of his case.

## VIII.  Ground Twelve – Notice of Intent to Use Evidence

Mr. Espino alleges that his counsel was ineffective by not objecting when the court erroneously allowed an AK-47 assault rifle and a bullet proof vest into evidence, which violated Federal Rule of Criminal Procedure 12(d).  Rule 12(d) states that "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record."  Based on the plain language of the rule, Rule 12(d) is inapplicable to his claim.

He also cites Federal Rule of Criminal Procedure 16 and explains that the Government did not give him notice of intention to use such evidence.  Rule 16(a)(1)(E) states that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . tangible objects . . . if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the

defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."  While this might be somewhat applicable, the court need not reach that issue because Mr. Espino has not shown how this alleged introduction of evidence prejudiced his case, as is required for his ineffective assistance of counsel claim.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For example, he alleges that if there was notice of this evidence, his counsel could have filed a motion to suppress the evidence.  He does not state, however, what the basis for suppression would have been.  Without alleging a basis, he cannot show that such motion to suppress would have been granted, so he cannot show that failure to file the motion prejudiced his case.  He also does not show how the introduction of the evidence at the trial prejudiced the outcome of his case in light of all the other evidence against him or what would have been different (other than the baseless motion to suppress) if the Government would have given notice of such evidence.

## IX.    Grounds Seventeen through Twenty

Mr. Espino's last four arguments appear to be arguments he made because someone else told him to raise the arguments.  He states in his reply that he was given the arguments by someone, so he is not sure that they are correct and essentially whether they are even applicable.  As a result, these claims merit little discussion, and the court affirms Mr. Espino's assumption that these claims are without merit.

In Ground Seventeen he alleges a conflict of interest with his attorneys based on the attorneys' duty to the court.  It appears that he is referencing that attorneys are court

officers with a duty to the court to practice ethically.  This does not create a conflict of interest between an attorney and client.

In Ground Eighteen Mr. Espino states that Titles 18 and 21 of the United States Code are not acts of Congress, so he should not have been detained on that basis.  The argument is illogical.  Mr. Espino was charged with a violation of federal law.  This court has subject matter jurisdiction over such a case, as Mr. Espino was charged and convicted under 18 U.S.C. § 2 and 21 U.S.C. §§ 841 and 846, all of which are United States laws.  *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). There is nothing invalid about those laws as pertaining to this case.  Mr. Espino's argument to the contrary is without merit.

In Ground Nineteen Mr. Espino makes a claim that the court and the United States Attorney engaged in corporate accounting fraud, which allegedly somehow relates to an ineffective assistance of counsel claim.  In Ground Twenty, Mr. Espino claims that the United States Supreme Court has voided all sentences under the United States Sentencing Guidelines, and also alleges this somehow relates to ineffective assistance of counsel. These claims are illogical, do not merit any discussion, and provide no basis for relief under section 2255.


**IT IS HEREBY ORDERED** that Mr. Espino's Motion for an Extension of Time to File a 2255 Motion (doc. 479) is MOOT.

**IT IS FURTHER ORDERED** that Mr. Espino's Motion to Vacate Under 28 U.S.C. § 2255 (doc. 497) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
