IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff / Respondent, )
)
v. ) Case No. 03-20051-08-JWL
)
NOE ESPINO, )
)
        Defendant / Petitioner. )
)
_____)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on the Government's motion to dismiss defendant Noe Espino's recently-filed petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 600). For the reasons set forth below, the motion is **granted in part**, and defendant's petition is hereby transferred to the Tenth Circuit.

In 2004, defendant was convicted of a conspiracy to distribute and to possess with intent to distribute 500 grams of methamphetamine, and the Court subsequently imposed a life sentence. The Tenth Circuit affirmed the conviction and sentence. In 2008, the Court denied defendant's petition for relief pursuant to Section 2255.

On January 25, 2013, defendant filed another Section 2255 petition. By that petition, defendant argues that his trial counsel rendered ineffective assistance during the time of plea negotiations by failing to inform defendant that he faced a life sentence and thus failing to advise defendant to accept a plea offer involving a 30-year sentence. In

support of his claim, defendant cites *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012); in those cases, issued together on March 21, 2012, the Supreme Court held that an ineffective-assistance-of-counsel claim could be based on counsel's conduct relating to plea negotiations or the failure to inform the defendant of a plea offer. Defendant did not raise this issue relating to the plea offer either on direct appeal or in his first Section 2255 petition.

The Government has moved to dismiss the petition as untimely and as an unauthorized "second or successive" Section 2255 petition. Defendant argues that he could not have filed his petition before the Supreme Court issued its *Lafler* and *Frye* opinions.

The Court does not decide the Government's motion on the issue of timeliness. Defendant filed his petition within one year of the Supreme Court's decisions. Thus, if those decisions provided a proper basis for a second Section 2255 petition, defendant's petition would be timely. *See* 28 U.S.C. § 2255(f)(3) (one-year limitations period for petition runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

The Court agrees with the Government, however, that this Court may not decide defendant's present petition because he has not received the certification from the Tenth Circuit required for the pursuit of a "second or successive" petition pursuant to Section 2255. *See* 28 U.S.C. § 2255(h). Section 2255(h)(2) provides a basis for such

2

certification if the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See id.* Defendant argues that *Lafler* and *Frye* establish such a "new rule". Defendant concedes that the Tenth Circuit has held to the contrary, *see In re Graham*, __ F.3d __, 2013 WL 1736588 (10th Cir. Apr. 23, 2013), but he argues that the Tenth Circuit is mistaken in so holding. That dispute must first be addressed by the Tenth Circuit, however, and because defendant has not sought certification from the Tenth Circuit for a second or successive petition pursuant to Section 2255(h), this Court cannot consider defendant's petition.

Defendant argues that his present petition should not be considered a "second or successive" petition under Section 2255(h) because he could not make this claim before *Lafler* and *Frye* were decided. In *Graham*, however, the Tenth Circuit recently confirmed that those cases did not establish a new rule of constitutional law, *see id.*, which means that defendant could have asserted this claim earlier. The Supreme Court cases cited by defendant do not support the argument that a petition is not "second or successive" if it is based on an intervening Supreme Court opinion.

The Tenth Circuit has stated that a district court should transfer to it an unauthorized successive post-conviction claim in the interests of justice pursuant to 28 U.S.C. § 1631. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). The Government notes that such a transfer is not mandatory, however, and it urges the Court simply to dismiss defendant's petition. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir.

2008) (when a second or successive Section 2255 petition is filed, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion for lack of jurisdiction"). Factors relevant to that decision include whether a new action would be time-barred, whether the claims are likely to have merit, and whether the claim was filed in good faith. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006). In this case, a later-filed petition would be time-barred because the one-year anniversary of *Lafler* and *Frye* has now passed, and the Court cannot conclude that defendant acted in bad faith in failing to seek certification from the Tenth Circuit. The Government argues that defendant's petition lacks substantive merit, but this Court suspended further briefing on the merits until resolution of the Government's motion to dismiss. Accordingly, the Court concludes that this matter should not be dismissed but should instead be transferred to the Tenth Circuit.

IT IS THEREFORE ORDERED BY THE COURT THAT the Government's motion to dismiss defendant's Section 2255 petition (Doc. # 600) is **granted in part**. Defendant's petition is hereby transferred to the Tenth Circuit for consideration, and the Clerk of Court is ordered to effect such transfer.

IT IS SO ORDERED.

Dated this 31st day of May, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge