# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                          **Case No. 03-20051-08-JWL**

**Noe Espino,**

        **Defendant.**

### <u>MEMORANDUM & ORDER</u>

In 2004, Mr. Espino was found guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. He was sentenced to life imprisonment. The Tenth Circuit affirmed his conviction and sentence on appeal and, in 2008, this court denied Mr. Espino's § 2255 motion. In 2013, the Circuit denied Mr. Espino's motion for permission to file a successive § 2255 petition. This matter is now before the court on Mr. Espino's motion for clarification of sentence (doc. 629) in which Mr. Espino queries whether his crime of conviction is a violent crime or a non-violent crime. In subsequent briefing, Mr. Espino states that he does not seek such clarification for the purpose of filing a motion under § 2255 or § 2241 but that he does so based solely on his "right to know the full extent and consequences of the criminal conduct for which he is now serving a life sentence in federal custody." As will be explained, the motion is dismissed for lack of subject matter jurisdiction.

Article III of the United States Constitution restricts the jurisdiction of federal courts to actual controversies and prohibits mere advisory opinions. *United States v. Combe*, 437 Fed. Appx. 644, 646 (10th Cir. 2011) (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134,

1138 (10th Cir. 2009)).   A controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests."  *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240 (1937).  Mr. Espino has not identified any controversy or dispute between the litigants in this case and he has not presented to the court any question which, when resolved, would bear on the rights of the parties in any way.  *Jordan v. Sosa*, 654 F.3d 1012, 1025-26 (10th Cir. 2011).  Because the court is not permitted to enter an order which will have no effect on the present status of the parties, the court must dismiss the motion.   *Id*. at 1026-27; *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376-77 (10th Cir. 2011) ("It is not the role of federal courts to resolve abstract issues of law.  Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Espino's motion for clarification of sentence (doc. 629) is dismissed.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2