IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                               Case No. 03-20051-08-JWL

**Noe Espino,**

      **Defendant.**

### **MEMORANDUM & ORDER**

In 2004, Mr. Espino was found guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. He was sentenced to life imprisonment based on the murder enhancement contained in U.S.S.G. §§ 2D1.1(d)(1) & 2A1.1. The Tenth Circuit affirmed his conviction and sentence on appeal and, in 2008, this court denied Mr. Espino's § 2255 motion. This matter is now before the court on Mr. Espino's "pro se motion to vacate murder enhancement sentence" pursuant to what Mr. Espino calls the "*Holloway*" doctrine, a reference to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, the court recognized the excessive nature of the defendant's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of the defendant's three § 924(c) convictions so that the defendant could face a "more just resentencing." *Id.* at 314. The United States Attorney's Office ultimately agreed to the court's vacatur of two of the § 924(c) convictions and the court proceeded to resentence the defendant on the remaining § 924(c) count. *Id.* at 311.

But the so-called "*Holloway* doctrine" undisputedly requires the consent of the government. *See United States v. Perez*, 2018 WL 4207147, at *2 (D. Kan. Sept. 4, 2018) (collecting cases); *United States v. Burton*, 2018 WL 1637955 at *2 (E.D. Cal. April 5, 2018) ("the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the Petitioner's sentence) (quoting *Whitt v. United States*, 2017 WL 5257709 at *3 (N.D. Ind. Nov. 13, 2017)); *United States v. Marin-Moreno*, 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (*Holloway* relief "can properly be granted only as frequently as the government chooses to consent to it"). In response to Mr. Espino's motion, the government expressly states that it does not agree to a sentence reduction; that the factual situation underlying *Holloway* is markedly different than the situation present here; and that *Holloway* relief is unwarranted in this case. Without the government's consent, *Holloway* relief is unavailable.[1]

In his reply, Mr. Espino urges the court to encourage the government to consent. In doing so, Mr. Espino asserts that he did not commit murder and that he is a non-violent offender who has rehabilitated himself while incarcerated. The court declines to press the government to agree to a sentence reduction in this case. Despite Mr. Espino's assertion that he did not participate in the murder of Bruce Andrews, the jury heard evidence that Mr. Espino confessed

---

[1] Mr. Espino also refers the court to a case from the Eastern District of Oklahoma in which *Holloway* relief was granted. In that case, as in *Holloway*, the government had no objection to the relief requested by the defendant. *See Vann v. United States*, 2017 WL 4071139, at *3 (E.D. Okla. Sept. 14, 2017) (summarizing Judge Seay's decision in *United States v. Rivera*). Moreover, the facts presented to Judge Seay in *Rivera* differ significantly from those presented here. *See Gatica-Rodriguez v. United States*, 2017 WL 1944111, at *3 (E.D. Okla. May 10, 2017) (describing in some detail the circumstances of *Rivera*).

to his participation in the murder of Mr. Andrews and his role in the murder was corroborated by other witnesses. *See United States v. Espino*, 206 Fed. Appx. 799, 802-03 (10th Cir. Nov. 29, 2006). As the Circuit summarized, Mr. Espino, in his confession, "told police he helped lure Andrews to the scene of the murder, watched as Portillo-Quezada killed him with an assault weapon, helped clean the car and took it to a different location where it was burned." *Id*. at 802. The Circuit ultimately found that Mr. Espino's sentence, including the murder enhancement, was reasonable in light of the evidence. In these circumstances, the government has reasonably withheld its consent to *Holloway* relief.

That leaves only Mr. Espino's argument that he has rehabilitated himself while incarcerated. The court cannot advocate a sentence reduction based solely on an inmate's efforts to rehabilitate himself or herself while incarcerated. That certainly is not what Judge Gleeson contemplated in *Holloway*. There is simply no basis, then, to endeavor to persuade the government to agree to a sentence reduction. *See Buitrago v. United States*, 2016 WL 4366486, at *4 (S.D. Fla. Aug. 16, 2016) (refusing to ask the government to consider vacating convictions under *Holloway* despite defendant's good behavior in prison; sentence was not grossly disproportionate to offenses charged); *Acuna v. United States*, 2016 WL 3747531, at *4-5 (D. Hawaii July 8, 2016) (declining to "persuade" government to agree to a reduced sentence where *Holloway* was readily distinguishable and court was not required by mandatory guidelines or by statute to impose the sentence it did); *Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (finding no basis to apply the benefits of the *Holloway* decision where sentence imposed was not excessive, harsh or disproportionately severe).

A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (citations omitted). Congress has not authorized district courts to modify prison sentences based on good conduct or other accomplishments described in Mr. Espino's motion in which he asserts that he is deserving of *Holloway* relief. The court, then, lacks jurisdiction to consider Mr. Espino's motion. *United States v. Garcia-Emmanuel*, 112 Fed. Appx. 713, 715 (10th Cir. 2004) ("post-sentence rehabilitation is not a factor considered under § 3582(c)(2) for the purpose of modifying a sentence, and therefore, the district court clearly lacked authority to reduce his sentence on that basis").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Espino's motion to vacate murder enhancement sentence (doc. 663) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge