## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                     **Case No. 03-20051-08-JWL**

**Noe Espino,**

        **Defendant.**

### <u>MEMORANDUM & ORDER</u>

In 2004, defendant Noe Espino was found guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. He was sentenced to life imprisonment based on the murder enhancement contained in U.S.S.G. §§ 2D1.1(d)(1) & 2A1.1. The Tenth Circuit affirmed his conviction and sentence on appeal and, in 2008, this court denied Mr. Espino's § 2255 motion. This matter is presently before the court on Mr. Espino's motion for compassionate release (doc. 668) pursuant to 18 U.S.C. § 3582(c)(1)(A). In his motion, the defendant argues that compassionate release is warranted for a variety of reasons, including his young age at the time of his offense and sentence; his parents are in their 60s and assist with the care of his nephew, who is battling leukemia; and he is remorseful, rehabilitated and has been an exemplary inmate. As will be explained, the motion is denied.[1]

---

[1] The motion is fully briefed. Mr. Espino filed his reply brief on January 3, 2021 and indicated in that brief that he received the government's response on December 30, 2020—the deadline for Mr. Espino's reply brief—and that because he received the response so late, he was filing his reply brief late. While Mr. Espino regrettably did not receive the response until December 30, 2020, the response was timely filed with the court on December 16, 2020 and the court accepted Mr. Espino's delayed reply brief without objection from the government. Yesterday, the court

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons."  The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute.  *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).  A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[2]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission."  *See id.*  In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary  and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."

---

received another submission from Mr. Espino, docketed as a supplement to his reply, in which Mr. Espino states that he has not received the government's response to his motion and he does not know whether the government responded.  It appears as though this submission, which was dated by Mr. Espino on December 29, 2020, was delayed en route to the Clerk of the Court and that Mr. Espino mailed this document to the court prior to receiving and replying to the government's response.

[2] The government does not dispute that Mr. Espino has exhausted his administrative remedies such that the court has jurisdiction over the motion.

*See id.*  The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community.  *See id.*  In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist.  *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here, particularly because Mr. Espino has expressly denied any reliance on those subsections.  *See id.*  Subdivision (A) depends on the medical conditions of the defendant, which is also not applicable in this instance as Mr. Espino does not indicate that he has any medical conditions that warrant compassionate release.   That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D)   Other Reasons. –** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.*  Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case.  Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute.  *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020).  As will be explained, the court concludes in its discretion

3

that the defendant has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison.[3]

The court begins with Mr. Espino's motion as it relates to his parents and his nephew. It is significant that Mr. Espino does not suggest that his parents need care or are ailing in any respect. He further does not suggest that his assistance is needed with respect to his nephew's medical condition. Faced with more difficult facts, the vast majority of courts examining a defendant's family circumstances for purposes of compassionate release have held that providing care to elderly parents, even ailing parents, simply does not fall within the reasons contemplated by the policy statement. *See United States v. Salazar*, 2020 WL 6149911, at *2 (D. Utah Oct. 20, 2020) (desire to care for high-risk father does not constitute extraordinary or compelling reason under the policy statement) (subdivision (C)); *United States v. Salcido*, 2020 WL 4220495, at *3 (D.N.M. July 23, 2020) (under catchall provision, compassionate release not available to care for ailing parents); *United States v. Ruiz*, 2020 WL 3265244, at *2 (D.N.M. June 17, 2020) (noting there are many "cases that have found that caring for elderly parents is not sufficient to show 'extraordinary and compelling' circumstances") (catchall provision); *United States v. Crandle*, 2020 WL 2188865, at *3, n.27 (M.D. La. May 6, 2020) (gathering cases finding caring for elderly parents not sufficient to show "extraordinary and compelling" circumstances for release); *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed under the

---

[3] The government also opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of Mr. Espino's offenses and to provide just punishment for those offenses. Because the court concludes that Mr. Espino has not shown the existence of extraordinary and compelling reasons for release, the court does not reach this issue.

policy statement and do not encompass providing care to elderly parents) (discussing subdivision (C)).  On this record, the court cannot find that Mr. Espino's family circumstances amount to an extraordinary and compelling reason to reduce his sentence.

The court turns, then, to Mr. Espino's argument that his youth at the time of his offense and sentencing and his rehabilitation and remorse constitute extraordinary and compelling circumstances sufficient to warrant early release.  Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release.  *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at *5 (E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err in finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). Moreover, courts have recognized that a defendant's rehabilitation and his or her young age at the time of the offenses are not by themselves compelling reasons to warrant early release.  *See Alvarez*, 2020 WL 4904586, at *___; *United States v. Andrews*, 2020 WL 4812626, at *14 (E.D. Pa. Aug. 19, 2020) ("The Court is not aware of any cases where young age at the time of the offense and rehabilitation were found to be both extraordinary and compelling to warrant granting compassionate release without other reasons to support it.").  And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who were sentenced at a very young age, had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's

decision to eliminate stacked sentencing under § 924(c).  *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases).  That critical factor is absent from the record here.  Mr. Espino has not shown anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today.[4]

In short, Mr. Espino has not demonstrated the "extraordinary and compelling reasons" for release required by § 3582.  The motion is denied.[5]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Espino's motion for compassionate release (doc. 668) is denied.

**IT IS SO ORDERED.**

---

[4] In his motion and in his reply, Mr. Espino relies heavily on Judge Campbell's decision in *United States v. Maumau*, 2020 WL 806121 (D. Utah Feb. 18, 2020) in support of his request for release. In that case, however, like she did in *Nafkha*, Judge Campbell found extraordinary and compelling reasons for a sentence reduction based not only on the defendant's age at the time of the sentence and the "incredible" length of the mandatory sentence imposed, but also on the fact that, if sentenced today, the defendant would not be subject to such a long term of imprisonment in light of changes in how § 924(c) sentences are calculated.  No sentencing inequity exists here and *Maumau*, then, is not persuasive.

[5] Mr. Espino also suggests that release is appropriate because he did not receive a fair trial.  But "prisoners challenging the validity of their convictions . . . may seek and win relief only under the pathways prescribed by § 2255."  *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011).  A motion for compassionate release is not an appropriate vehicle to raise this contention.

Dated this 20th  day of January, 2021, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge